IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERTA RATLIFFE, | ) | CASE NO. 1:16 CV 1923 |
| | ) | |
| Petitioner, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| CUYAHOGA COUNTY SHERIFF | ) | |
| DEPARTMENT, *et al.*, | ) | |
| | ) | **REPORT AND RECOMENDATION** |
| Respondents. | ) | |

## Introduction

Before me[1] is the petition of Roberta Ratliffe for a writ of habeas corpus under

28 U.S.C. § 2254.[2]  In 2009, Ratliffe pled guilty to involuntary manslaughter and felonious

assault.[3] She was sentenced by a Cuyahoga County Court of Common Pleas judge and is

serving a sentence of ten years.[4]  She is currently incarcerated at the Northeast Pre-Release

Center in Cleveland, Ohio.[5]

In her petition, Ratliffe raises one ground for relief.[6]  The State moves to dismiss the

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge
Jeffrey J. Helmick by non-document order dated August 15, 2016.

[2] ECF # 1.

[3] ECF # 15, Attachment 1 at 1.

[4] *Id.*

[5] http://www.drc.state.oh.us/OffenderSearch

[6] ECF # 1.

petition on grounds that Ratliffe has not properly exhausted any federal constitutional claims in state court as 28 U.S.C. § 2254(b)(1)(A) requires.[7]

I recommend that Ratliffe's petition be dismissed with prejudice as raising a non-cognizable claim for relief.

## Facts

### A.    Underlying facts, conviction, and sentence

On July 17, 2009, after being restored to competency, Ratliffe, under a plea agreement, pled guilty to involuntary manslaughter and felonious assault.[8]   The trial court sentenced Ratliffe to ten-years for involuntary manslaughter and eight-years for felonious assault to be served concurrently, with no early judicial release, but credit for time served. The time served included Ratliffe's time served at Northcoast Behavioral Health.[9]

On July 10, 2015, Ratliffe filed a motion for correction of jail-time credit in the trial court.[10]  The State filed a response.[11] The record does not reflect that the trial court ruled on the motion.

---

[7] ECF # 15.

[8] *Id*., Attachment 1 at 1.

[9] *Id*.

[10] *Id*. at 4.

[11] *Id*. at 7.

**B.      Direct Appeal**

*1.      Ohio Court of Appeals and the Supreme Court of Ohio*

According to the record, Ratliffe did not timely file a direct appeal to the Ohio Court of Appeals,[12] or the Supreme Court of Ohio.[13]

**C.      Petition for writ of habeas corpus**

On August 1, 2016 Ratliffe, *pro se*, untimely filed[14] a federal petition for habeas relief.[15] As noted above, she raises one ground for relief:

> **GROUND ONE:**      Cuyahoga County Common Pleas [Court] has fail [sic] to respond to my request for jail credit.
>
> Supporting Facts:      The credit is for time spent in a mental hospital. Even though the docket reflects me being ordered by the courts to be transferred their [sic] until I became competent to stand trial. I was arrested on 10-9-2007 I was sentence [sic] to ten years.  Which would make my out date around 10-2017 but my out date is 6-15-2018 which I am missing a total of 256 days and the Cuyahoga County

---

[12]    Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within 30 days of the judgment being appealed. *See*, *Smith v. Konteh*, No. 3:04CV7456, 2007 WL 171978, at *2 (N.D. Ohio Jan. 18, 2007) (unreported case).

[13]    *See* Ohio S.Ct.Prac.R. 7.01(A)(5)(b) (To be timely, a notice of appeal must be filed within 45 days of entry of the appellate judgment for which review is sought.); *See*, *Applegarth v. Warden*, 377 F. App'x 448, 450 (6th Cir. 2010) (discussing forty-five day limit) (unreported case).

[14]    The present petition for federal habeas relief was filed on August 1, 2016. ECF # 1.  Ratliffe's conviction and sentence were journalized on July 17, 2009. (ECF # 15-1 at 1). As such, it was not filed within one year of the conclusion of Ratliffe's direct appeal in the Ohio courts. Ratliffe did not appeal to the Ohio Court of Appeals or the Supreme Court of Ohio, so it is not timely under 28 U.S.C. § 2254(d)(1).

[15]    ECF # 1.

Courts will not respond on their miscalculations.[16]

## Analysis

**A.    Preliminary observations**

Before proceeding further, I make the following preliminary observations:

1.    There is no dispute that Ratliffe is currently in state custody as the result of her conviction and sentence by an Ohio court, and that she was so incarcerated at the time she filed this petition. Thus, she meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[17]

2.    There is a dispute, as detailed above, that this petition was timely filed under the applicable statute.[18]

3.    In addition, my own review of the docket of this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[19]

4.    Moreover, these claims have not been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review procedure.[20]

5.    Finally, Ratliffe requested the appointment of counsel,[21] which was

---

[16] *Id*. at 1.

[17] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[18] 28 U.S.C. § 2254(d)(1);  *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[19] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

[20] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[21] ECF # 3. 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

-4-

denied.[22] She has not requested an evidentiary hearing to develop the factual bases of her claims.[23]

**B.    Standard of review**

*1.    Noncognizable claims*

The federal habeas statute, by its own terms, restricts the writ to state prisoners in custody in violation of federal law.[24] Accordingly, to the extent a petitioner claims that his custody is a violation of state law, the petitioner has failed to state a claim upon which federal habeas relief may be granted.[25] In such circumstances, a claim for federal habeas relief based solely on the ground of purported violation of state law is properly dismissed by the federal habeas court as non-cognizable.[26]

But a claimed error of state law may nevertheless serve as the basis for federal habeas relief if such error resulted in the denial of "fundamental fairness" at trial.[27] The Supreme Court has made clear that it defines "very narrowly" the category of infractions that violate the "fundamental fairness" of a trial.[28] Specifically, such violations are restricted to offenses

---

[22] ECF # 16.

[23] 28 U.S.C. § 2254(e)(2).

[24] 28 U.S.C. § 2254(a).

[25] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

[26] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007).

[27] *Estelle*, 502 U.S. at 67-68.

[28] *Bey*, 500 F.3d at 522, quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990).

-5-

against "'some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'"[29]

The petitioner bears the burden of showing a violation of a principle of fundamental fairness.[30] In so doing, the federal habeas court must follow the rulings of the state's highest court with respect to state law[31] and may not second-guess a state court's interpretation of its own procedural rules.[32] Further, while in general distinct constitutional claims of trial error may not be cumulated to grant habeas relief,[33] the Sixth Circuit has recognized that "'[e]rrors that might not be so prejudicial as to amount to a deprivation of due process when considered alone, may cumulatively produce a trial setting that is fundamentally unfair.'"[34]

## C.    Application of standard

The State raises several arguments in support of its motion to dismiss this petition. Each argument will be addressed, but only one of them is essentially dispositive.

In that regard, the State contends that the petition here did not comply with Rule 2 of the Rules Governing Section 2254 cases, and that this deficiency cannot be cured by

---

[29] *Id*. at 521, quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996).

[30] *Id.*

[31] *Wainwright v. Goode*, 464 U.S. 78, 84 (1983).

[32] *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988).

[33] *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006).

[34] *Gillard v. Mitchell*, 445 F.3d 883, 898 (6th Cir. 2006), quoting *Walker v. Engle*, 703 F.2d 959, 963 (6th Cir. 1983).

leniently construing the petition as submitted.[35]  The State also asserts that the petition has not been exhausted because an Ohio trial court has not ruled on Ratliffe's motion to correct the jail time credit applicable to her, and that any negative finding by the trial court would subject to an appeal to the Ohio court of appeals.[36]

Without addressing the merits of the State's arguments cited above, the exhaustion requirement is not jurisdictional, inasmuch as the federal habeas statute explicitly provides that an unexhausted petition may be denied on the merits,[37] although the case authority sets forth a strong presumption in favor of requiring exhaustion of state remedies.[38]  That said, it is clear that an unexhausted claim may be addressed if the claim cannot succeed on the merits and that consideration will not result in the grant of relief.[39]

Further, whatever the deficiencies in the drafting of the current claim for relief, and notwithstanding any deviation from the requirements of the Rules Governing Section 2254 Cases, it is plain that the present petition contends that an Ohio court and state prosecutor failed to properly calculate Ratliffe's jail time credit according to the relevant Ohio law.[40] Thus, the petition is clear as to the nature of the relief sought, and the grounds for relief, such

---

[35] ECF # 15 at 3-6.

[36] *Id*. at 6-8.

[37] 28 U.S.C. § 2254(b)(2).

[38] *Granberry v. Greer*, 481 U.S. 129, 131 (1987).

[39] *Rockwell v. Yunkins*, 217 F.3d 421, 424 (6th Cir. 2000).

[40] ECF # 1 at 1-3.

that the claim may now be addressed in regard to the question of whether it states a cognizable claim for federal habeas relief.

Here, the relevant case authority holds that " A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."[41] Stated more directly, "[T]he actual computation of [a defendant's] prison term involves a matter of state law that is not cognizable [§2254.].[42]

## Conclusion

Accordingly, for the reasons stated, I recommend that the present *pro se* petition of Roberta Ratliffe for a writ of habeas corpus be dismissed as raising a non-cognizable claim for relief.


Dated: May 9, 2017                              s/ William H. Baughman, Jr.
                                                United States Magistrate Judge

---

[41] *Howard v. White*, 76 F. Appx. 52, 53 (6th Cir. 2003)(unpublished)(emphasis added).

[42] *Kipen v. Renico*, 65 F.Appx. 958, 959 (6th Cir.2003)(unpublished); *also see Reeves v. Sloan*, No.5:15 CV 2063. 2016 WL 3079029 (N.D. Ohio Apr. 18, 2016)(compiling cases), *R&R adopted by* 2016 WL 3063860 (May 31, 2016), *appeal pending* (6th Cir.); *Cool v. Miller*, No. 5:13 CV 1139, 2014 WL 11321655 (N.D. Ohio Jun. 30, 2014), *R&R adopted by* 2016 WL 2610564 (N.D. Ohio May 6, 2016).

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[43]

---

[43] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).